UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**DENNIS FRANCIS (#466782)**                                    CIVIL ACTION

**VERSUS**

**CORNEL H. HUBERT, WARDEN, ET AL.**                  NO. 07-0340-RET-CN

<u>NOTICE</u>

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Signed in chambers in Baton Rouge, Louisiana, April 21, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENNIS FRANCIS (#466782)                                    CIVIL ACTION

VERSUS

CORNEL H. HUBERT, WARDEN, ET AL.                            NO. 07-0340-RET-CN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion for Summary Judgment, rec.doc.no. 10.[1] This motion is not opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert, Dr. Pergean, Ass't Warden Charlene Haydel and Classification Officer Lora Rodriguez, alleging that the defendants had violated his constitutional rights through deliberate indifference to his serious medical needs, specifically by failing to provide him with an appointment to see an optometrist and by failing to provide him with cataract surgery which he allegedly needed. He prayed only for injunctive relief in his Complaint.

In support of the instant motion, the defendants have provided certified copies of the plaintiff's pertinent medical records. These medical records reflect that the plaintiff received eye surgery for removal of a cataract in his left eye in November, 2007, approximately six months after he filed his lawsuit herein. The defendants contend in their motion, therefore, that the plaintiff's claim for prospective injunctive relief is now moot because the plaintiff has been granted the relief which he requested.

---

[1] The defendants' motion was initially asserted as a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6). Notwithstanding, the Court converted the motion to a motion for summary judgment pursuant to Fed.R.Civ.P. Rule 12(d) in order that evidentiary materials filed outside of the pleadings might be considered.

A request for injunctive relief remains viable only so long as there is some present harm left to enjoin.  See, e.g., Bayou Liberty Association, Inc. v. United States Army Corps of Engineers, 217 F.3d 393 (5th Cir. 2000).  A case is moot where "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969).  In addition, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

In the instant case, the defendants have provided evidence reflecting that the plaintiff has been seen by eye specialists and has been provided with the cataract surgery which he asserted he needed.  In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his pleadings in opposing such a motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.  Weyant v. Acceptance Insurance Co., 917 F.2d 209 (5th Cir. 1990).  He must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or produce supporting evidence on his own behalf. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corp., 812 F.2d 265 (5th Cir.

1987). In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' motion or to the factual assertions contained therein. What is before the Court for consideration is evidence adduced by the defendants, supported by documentation, which reflects that the plaintiff has obtained the relief which he sought in filing the Complaint in this case. Accordingly, based upon the documentation provided, and based upon the plaintiff's failure in this case to oppose the defendants' motion, to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or to produce supporting evidence on his own behalf, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendants' motion for summary judgment, rec.doc.no. 10, be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, April 21, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**